# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONE LEROY EAST, | 1:10-cv-00487-LJO-GSA-PC |
| Plaintiff, | ORDER CONSTRUING ACTION AS AN INDIVIDUAL CIVIL SUIT |
| v. | |
| CHULYAK, et al., | ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS UNDER § 1915(g) |
| Defendants. | ORDER VACATING ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. 4.) |
| | ORDER VACATING ORDER DIRECTING CDCR TO COLLECT FILING FEE PAYMENTS FOR THIS ACTION (Doc. 4.) |
| | ORDER DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE IN FULL |
| | ORDER FOR CLERK TO CLOSE CASE AND SERVE COPY OF THIS ORDER ON CDCR AND COURT FINANCIAL DEPARTMENT |

**I.    BACKGROUND**

Plaintiff Ebone Leroy East, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 18, 2010, together with an application to proceed in forma

1

pauperis pursuant to 28 U.S.C. § 1915. (Docs. 1, 2.) On March 23, 2010, the Court granted Plaintiff's application, allowing him to proceed in forma pauperis. (Doc. 4.)

## II. CERTIFICATION AS CLASS ACTION

Plaintiff seeks certification of this litigation as a class action. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff.

## III. 28 U.S.C. § 1915(g) - IN FORMA PAUPERIS STATUS

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is subject to section 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception.[2] [3] Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

---

[1] Among the dismissals suffered by Plaintiff that count as strikes under 1915(g) are case numbers 5:09-cv-01105-UA-E (CD Cal.) East v. S. Gidcumb, et al. (dismissed on 06/17/2009 for failure to state a claim); 5:09-cv-01810-UA-E (CD Cal.) East v. Pace, et al. (dismissed on 10/01/2009 for failure to state a claim); and 5:09-cv-02224-UA-E (CD Cal.) East v. San Bernardino County (dismissed on 12/11/2009 for failure to state a claim).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

[3] Plaintiff alleges that defendants have denied him of educational opportunities on the basis that he is housed in segregated housing. Doc. 1, court record, pp. 6-9. The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint. Id.

Because Plaintiff alleges no facts supporting a finding that he was under imminent danger of serious physical injury at the time he filed the Complaint, Plaintiff is ineligible to proceed in forma pauperis in this action.

**IV.   CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is construed as an individual civil suit brought by Plaintiff;
2. Plaintiff's in forma pauperis status in this action is REVOKED;
3. The Court's order granting Plaintiff's application to proceed in forma pauperis, entered on March 23 9, 2010, is VACATED;
4. The Court's order directing payment of the inmate filing fee by the CDCR, entered on March 23, 2010, is VACATED;
5. This action is DISMISSED, without prejudice to refiling with the submission of the $350.00 filing fee in full;
6. The Clerk is directed to CLOSE this case; and
7. The Clerk is directed to SERVE a copy of this order on the Director of the CDCR, via the Court's electronic case filing system, and the Court's financial department.

IT IS SO ORDERED.

**Dated:**   September 9, 2011              /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE